(Slip Opinion)      OCTOBER  TERM,  2004      1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## GONZALEZ *v*. CROSBY, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 04–6432.   Argued April 25, 2005—Decided June 23, 2005

Petitioner's federal habeas corpus petition was dismissed as time barred when the District Court concluded that the federal limitations period was not tolled while petitioner's motion for postconviction relief was pending in state court.  After petitioner abandoned his attempt to seek review of the District Court's decision, this Court decided that a state postconviction relief petition can toll the federal statute of limitations even if, like petitioner's, the petition is ultimately dismissed as procedurally barred. *Artuz* v. *Bennett*, 531 U. S. 4.  Petitioner filed a Federal Rule of Civil Procedure 60(b)(6) motion for relief from the judgment, which the District Court denied.  The Eleventh Circuit affirmed the denial, holding that the Rule 60(b) motion was in substance a second or successive habeas petition, which under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U. S. C. §2244(b), cannot be filed without precertification by the court of appeals.

*Held:*

   1. Because petitioner's Rule 60(b) motion challenged only the District Court's previous ruling on AEDPA's statute of limitations, it is not the equivalent of a successive habeas petition and can be ruled upon by the District Court without precertification by the Eleventh Circuit.  Pp. 3–11.

   (a) Rule 60(b) applies in §2254 habeas proceedings only "to the extent that [it is] not inconsistent with" applicable federal statutes and rules.  §2254 Rule 11.  Because §2244(b) applies only where a court acts pursuant to a prisoner's "habeas corpus application," the question here is whether a Rule 60(b) motion is such an application.  The text of §2244(b) shows that, for these purposes, a habeas applica-

tion is a filing containing one or more "claims." Other federal habeas statutes and this Court's decisions also make clear that a "claim" is an asserted federal basis for relief from a state-court conviction. If a Rule 60(b) motion contains one or more "claims," the motion is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute. A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim *on the merits*, though not if it merely attacks a defect in the federal habeas proceedings' integrity. Pp. 3–8.

(b) When no "claim" is presented, there is no basis for contending that a Rule 60(b) motion should be treated like a habeas petition. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed on its own terms creates no inconsistency with the habeas statute or rules. Petitioner's motion, which alleges that the federal courts misapplied §2244(d)'s statute of limitations, fits this description. Nothing in *Calderon* v. *Thompson*, 523 U. S. 538, suggests that entertaining a filing confined to a *nonmerits* aspect of the first federal habeas proceeding is "inconsistent with" AEDPA. Pp. 8–11.

2. Under the proper Rule 60(b) standards, the District Court was correct to deny relief. The change in the law worked by *Artuz* is not an "extraordinary circumstance" justifying relief under Rule 60(b)(6), and it is made all the less extraordinary by the lack of diligence that petitioner showed in seeking direct appellate review of the statute-of-limitations issue. Pp. 11–13.

366 F. 3d 1253, affirmed.

SCALIA, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and O'CONNOR, KENNEDY, THOMAS, GINSBURG, and BREYER, JJ., joined. BREYER, J., filed a concurring opinion. STEVENS, J., filed a dissenting opinion, in which SOUTER, J., joined.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

————

No. 04–6432

————

## AURELIO O. GONZALEZ, PETITIONER *v.* JAMES V. CROSBY, JR., SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[June 23, 2005]

JUSTICE SCALIA delivered the opinion of the Court.

After the federal courts denied petitioner habeas corpus relief from his state conviction, he filed a motion for relief from that judgment, pursuant to Federal Rule of Civil Procedure 60(b). The question presented is whether, in a habeas case, such motions are subject to the additional restrictions that apply to "second or successive" habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) codified at 28 U. S. C. §2244(b).

I

Petitioner Aurelio Gonzalez pleaded guilty in Florida Circuit Court to one count of robbery with a firearm. He filed no appeal and began serving his 99-year sentence in 1982. Some 12 years later, petitioner began to seek relief from his conviction. He filed two motions for state postconviction relief, which the Florida courts denied. Thereafter, in June 1997, petitioner filed a federal habeas petition in the United States District Court for the Southern District of Florida, alleging that his guilty plea had not

been entered knowingly and voluntarily.

Upon the State's motion, the District Court dismissed petitioner's habeas petition as barred by AEDPA's statute of limitations, 28 U. S. C. §2244(d). Under Eleventh Circuit precedent, petitioner's filing deadline, absent tolling, was April 23, 1997, one year after AEDPA's statute of limitations took effect. *Wilcox* v. *Florida Dept. of Corrections,* 158 F. 3d 1209, 1211 (CA11 1998) *(per curiam).* Adopting a Magistrate Judge's recommendation, the District Court concluded that the limitations period was not tolled during the 163-day period while petitioner's second motion for state postconviction relief was pending. Section 2244(d)(2) tolls the statute of limitations during the pendency of "properly filed" applications only, and the District Court thought petitioner's motion was not "properly filed" because it was both untimely and successive. Without tolling, petitioner's federal habeas petition was two months late, so the District Court dismissed it as time barred. A judge of the Eleventh Circuit denied a certificate of appealability (COA) on April 6, 2000, and petitioner did not file for rehearing or review of that decision.

On November 7, 2000, we held in *Artuz* v. *Bennett,* 531 U. S. 4, that an application for state postconviction relief can be "properly filed" even if the state courts dismiss it as procedurally barred. See *id.,* at 8–9. Almost nine months later, petitioner filed in the District Court a *pro se* "Motion to Amend or Alter Judgment," contending that the District Court's time-bar ruling was incorrect under *Artuz*'s construction of §2244(d), and invoking Federal Rule of Civil Procedure 60(b)(6), which permits a court to relieve a party from the effect of a final judgment.[1] The District

――――――――

[1] Although the title "Motion to Alter or Amend Judgment" suggests that petitioner was relying on Federal Rule of Civil Procedure 59(e), the substance of the motion made clear that petitioner sought relief under Rule 60(b)(6).

Court denied the motion, and petitioner appealed.

A judge of the Court of Appeals for the Eleventh Circuit granted petitioner a COA, but a panel quashed the certificate as improvidently granted. 317 F. 3d 1308, 1310, 1314 (2003). The full court vacated that order and reheard the case en banc. It granted petitioner a COA but held, by a vote of 7 to 4, that the District Court was correct to deny his Rule 60(b) motion. The en banc majority determined that petitioner's motion—indeed, any postjudgment motion under Rule 60(b) save one alleging fraud on the court under Rule 60(b)(3)—was in substance a second or successive habeas corpus petition. 366 F. 3d 1253, 1278, 1281–1282 (2004). A state prisoner may not file such a petition without precertification by the court of appeals that the petition meets certain stringent criteria. §2244(b). Because petitioner's motion did not satisfy these requirements, the Eleventh Circuit affirmed its denial. *Id.*, at 1282.

We granted certiorari. 543 U. S. \_\_ (2005).

## II

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.[2] Rule 60(b)(6), the particular

---

[2] Rule 60(b) provides in relevant part:

"On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall

provision under which petitioner brought his motion, permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)–(5). See *Liljeberg* v. *Health Services Acquisition Corp.,* 486 U. S. 847, 863, n. 11 (1988); *Klapprott* v. *United States,* 335 U. S. 601, 613 (1949) (opinion of Black, J.). The mere recitation of these provisions shows why we give little weight to respondent's appeal to the virtues of finality. That policy consideration, standing alone, is unpersuasive in the interpretation of a provision whose whole purpose is to make an exception to finality. The issue here is whether the text of Rule 60(b) itself, or of some other provision of law, limits its application in a manner relevant to the case before us.

AEDPA did not expressly circumscribe the operation of Rule 60(b). (By contrast, AEDPA directly amended other provisions of the Federal Rules. See, *e.g.,* AEDPA, §103, 110 Stat. 1218 (amending Fed. Rule App. Proc. 22).) The new habeas restrictions introduced by AEDPA are made indirectly relevant, however, by the fact that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U. S. C. §2254[3] only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. 28 U. S. C. §2254 Rule 11; see Fed. Rule Civ. Proc. 81(a)(2). The relevant

_____

be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

[3] In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U. S. C. §2254, which governs federal habeas relief for prisoners convicted in state court. Federal prisoners generally seek postconviction relief under §2255, which contains its own provision governing second or successive applications. Although that portion of §2255 is similar to, and refers to, the statutory subsection applicable to second or successive §2254 petitions, it is not identical. Accordingly, we limit our consideration to §2254 cases.

provisions of the AEDPA-amended habeas statutes, 28 U. S. C. §§2244(b)(1)–(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. §2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. §2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet §2244(b)(2)'s new-rule or actual-innocence provisions. §2244(b)(3). We proceed to consider whether these provisions limit the application of Rule 60(b) to the present case.

## A

"As a textual matter, §2244(b) applies only where the court acts pursuant to a prisoner's 'application'" for a writ of habeas corpus. *Calderon* v. *Thompson,* 523 U. S. 538, 554 (1998). We therefore must decide whether a Rule 60(b) motion filed by a habeas petitioner is a "habeas corpus application" as the statute uses that term.

Under §2244(b), the first step of analysis is to determine whether a "claim presented in a second or successive habeas corpus application" was also "presented in a prior application." If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions. In either event, it is clear that for purposes of §2244(b) an "application" for habeas relief is a filing that contains one or more "claims." That definition is consistent with the use of the term "application" in the other habeas statutes in chapter 153 of title 28. See, *e.g., Woodford* v. *Garceau,* 538 U. S. 202, 207 (2003) (for purposes of §2254(d), an application for habeas corpus relief is a filing that seeks "an adjudication on the *merits* of the

petitioner's claims"). These statutes, and our own decisions, make clear that a "claim" as used in §2244(b) is an asserted federal basis for relief from a state court's judgment of conviction.

In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. Cf. *Harris* v. *United States,* 367 F. 3d 74, 80–81 (CA2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell* v. *Pepe,* 324 F. 3d 66, 69 (CA1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap* v. *Litscher*, 301 F. 3d 873, 876 (CA7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71–72; *Dunlap, supra,* at 876.

We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U. S. C. §2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

§2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape §2244(b)(1)'s prohibition of claims "presented in a prior application," §2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent §2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. §2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*,[4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the

——————

[4] The term "on the merits" has multiple usages. See, *e.g.*, *Semtek Int'l Inc.* v. *Lockheed Martin Corp.,* 531 U. S. 497, 501–503 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U. S. C. §§2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.[5]

## B

When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in §2244(d), fits this description.[6]

---

[5] Fraud on the federal habeas court is one example of such a defect. See generally *Rodriguez* v. *Mitchell,* 252 F. 3d 191, 199 (CA2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, see, *e.g., supra,* at 6, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

[6] Petitioner notes that we held in *Slack* v. *McDaniel,* 529 U. S. 473 (2000), that when a petition is dismissed without prejudice as unexhausted, the refiled petition is not "successive." He argues that, by parity of reasoning, his Rule 60(b) motion challenging the District Court dismissal of his petition on statute-of-limitations grounds is not "successive." If this argument is correct, petitioner would be able to file not just a Rule 60(b) motion, but a full-blown habeas petition, without running afoul of §2244(b). But see, *e.g., Murray* v. *Greiner,* 394 F. 3d 78, 81 (CA2 2005). We need not consider this contention, however, because we conclude that petitioner's Rule 60(b) motion is not subject to the limitations applicable to habeas petitions.

Like the Court of Appeals, respondent relies heavily on our decision in *Calderon* v. *Thompson,* 523 U. S. 538 (1998). In that case we reversed the Ninth Circuit's decision to recall its mandate and reconsider the denial of Thompson's first federal habeas petition; the recall was, we held, an abuse of discretion because of its inconsistency with the policies embodied in AEDPA. *Id.,* at 554–559. Analogizing an appellate court's recall of its mandate to a district court's grant of relief from judgment, the Eleventh Circuit thought that *Calderon*'s disposition applied to Rule 60(b). 366 F. 3d, at 1272–1277. We think otherwise. To begin with, as the opinion said, compliance with the actual text of AEDPA's successive-petition provision was not at issue in *Calderon*—because the Court of Appeals considered only the claims and evidence presented in Thompson's first federal habeas petition. 523 U. S., at 554. *Calderon* did state, however, that "a prisoner's motion to recall the mandate *on the basis of the merits* of the underlying decision can be regarded as a second or successive application." *Id.,* at 553 (emphasis added). But that is entirely consonant with the proposition that a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition. The problem for respondent is that this case does not present a revisitation *of the merits*. The motion here, like some other Rule 60(b) motions in §2254 cases, confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding. Nothing in *Calderon* suggests that entertaining such a filing is "inconsistent with" AEDPA.

Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, *e.g., Klapprott,* 335 U. S., at 615 (opinion of Black, J.), a function as legitimate in habeas cases as in

run-of-the-mine civil cases. The Rule also preserves par-
ties' opportunity to obtain vacatur of a judgment that is
void for lack of subject-matter jurisdiction—a considera-
tion just as valid in habeas cases as in any other, since
absence of jurisdiction altogether deprives a federal court
of the power to adjudicate the rights of the parties. *Steel
Co.* v. *Citizens for Better Environment,* 523 U. S. 83, 94, 101
(1998). In some instances, we may note, it is the State, not
the habeas petitioner, that seeks to use Rule 60(b), to
reopen a habeas judgment *granting* the writ. See, *e.g.,
Ritter* v. *Smith,* 811 F. 2d 1398, 1400 (CA11 1987).

Moreover, several characteristics of a Rule 60(b) motion
limit the friction between the Rule and the successive-
petition prohibitions of AEDPA, ensuring that our har-
monization of the two will not expose federal courts to an
avalanche of frivolous postjudgment motions. First, Rule
60(b) contains its own limitations, such as the require-
ment that the motion "be made within a reasonable time"
and the more specific 1-year deadline for asserting three of
the most open-ended grounds of relief (excusable neglect,
newly discovered evidence, and fraud). Second, our cases
have required a movant seeking relief under Rule 60(b)(6)
to show "extraordinary circumstances" justifying the
reopening of a final judgment. *Ackermann* v. *United
States,* 340 U. S. 193, 199 (1950); accord, *id.,* at 202; *Lilje-
berg,* 486 U. S., at 864; *id.,* at 873 (REHNQUIST, C. J., dis-
senting) ("This very strict interpretation of Rule 60(b) is
essential if the finality of judgments is to be preserved").
Such circumstances will rarely occur in the habeas context.
Third, Rule 60(b) proceedings are subject to only limited and
deferential appellate review. *Browder* v. *Director, Dept. of
Corrections of Ill.,* 434 U. S. 257, 263, n. 7 (1978). Many
Courts of Appeals have construed 28 U. S. C. §2253 to
impose an additional limitation on appellate review by
requiring a habeas petitioner to obtain a COA as a pre-

requisite to appealing the denial of a Rule 60(b) motion.[7]

Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition. The Eleventh Circuit therefore erred in holding that petitioner did not qualify even to seek Rule 60(b) relief.

## III

Although the Eleventh Circuit's reasoning is inconsistent with our holding today, we nonetheless affirm its denial of petitioner's Rule 60(b) motion.

Petitioner's only ground for reopening the judgment denying his first federal habeas petition is that our decision in *Artuz* showed the error of the District Court's statute-of-limitations ruling. We assume for present purposes that the District Court's ruling was incorrect.[8] As we noted above, however, relief under Rule 60(b)(6)— the only subsection petitioner invokes—requires a showing of "extraordinary circumstances." Petitioner contends that *Artuz*'s change in the interpretation of the AEDPA

—————

[7] See *Reid* v. *Angelone,* 369 F. 3d 363, 369, n. 2 (CA4 2004) (citing cases); 366 F. 3d 1253, 1263 (CA11 2004) (case below); cf. *Langford* v. *Day,* 134 F. 3d 1381, 1382 (CA9 1998) (before AEDPA, a certificate of probable cause was a prerequisite to appealing the denial of a 60(b) motion in a habeas case); *Reid, supra,* at 368 (same). But see *Dunn* v. *Cockrell,* 302 F. 3d 491, 492 (CA5 2002); 366 F. 3d, at 1298–1300 (Tjoflat, J., specially concurring in part and dissenting in part). Although we do not decide in this case whether this construction of §2253 is correct (the Eleventh Circuit granted petitioner a COA), the COA requirement appears to be a more plausible and effective screening requirement, with sounder basis in the statute, than the near-absolute bar imposed here by the Court of Appeals.

[8] Although respondent contends that petitioner's motion for state postconviction relief was untimely, and that the District Court's denial of statutory tolling was therefore correct under *Pace* v. *DiGuglielmo,* 544 U. S. \_\_ (2005), the Florida courts made no reference to untimeliness in dismissing petitioner's motion.

statute of limitations meets this description.  We do not
agree.  The District Court's interpretation was by all
appearances correct under the Eleventh Circuit's then-
prevailing interpretation of 28 U. S. C. §2244(d)(2).  It is
hardly extraordinary that subsequently, after petitioner's
case was no longer pending, this Court arrived at a differ-
ent interpretation.  Although our constructions of federal
statutes customarily apply to all cases then pending on
direct review, see, *e.g., Harper* v. *Virginia Dept. of Taxa-
tion,* 509 U. S. 86, 97 (1993), not every interpretation of the
federal statutes setting forth the requirements for habeas
provides cause for reopening cases long since final.[9]  If
*Artuz* justified reopening long-ago dismissals based on a
lower court's unduly parsimonious interpretation of
§2244(d)(2), then *Pace* v. *DiGuglielmo,* 544 U. S. __ (2005),
would justify reopening long-ago grants of habeas relief
based on a lower court's unduly *generous* interpretation of
the same tolling provision.

The change in the law worked by *Artuz* is all the less
extraordinary in petitioner's case, because of his lack of
diligence in pursuing review of the statute-of-limitations
issue.  At the time *Artuz* was decided, petitioner had
abandoned any attempt to seek review of the District
Court's decision on this statute-of-limitations issue.  Al-
though the District Court relied on Eleventh Circuit
precedent holding that a state postconviction application
is not "properly filed" if it is procedurally defaulted, and
although that precedent was at odds with the rule in
several other Circuits, petitioner neither raised that issue
in his application for a COA, nor filed a petition for re-
hearing of the Eleventh Circuit's denial of a COA, nor

—————————

[9] A change in the interpretation of a *substantive* statute may have
consequences for cases that have already reached final judgment,
particularly in the criminal context.  See *Bousley* v. *United States,* 523
U. S. 614, 619–621 (1998); cf. *Fiore* v. *White,* 531 U. S. 225, 228–229
(2001) *(per curiam).*

sought certiorari review of that denial.[10]  This lack of diligence confirms that *Artuz* is not an extraordinary circumstance justifying relief from the judgment in petitioner's case.  Indeed, in one of the cases in which we explained Rule 60(b)(6)'s extraordinary-circumstances requirement, the movant had failed to appeal an adverse ruling by the District Court, whereas another party to the same judgment had appealed and won reversal.  *Ackermann,* 340 U. S., at 195.  Some years later, the petitioner sought Rule 60(b) relief, which the District Court denied.  We affirmed the denial of Rule 60(b) relief, noting that the movant's decision not to appeal had been free and voluntary, although the favorable ruling in the companion case made it appear mistaken in hindsight.  See *id.,* at 198.

Under the Rule 60(b) standards that properly govern petitioner's motion, the District Court was correct to deny relief.

*        *        *

We hold that a Rule 60(b)(6) motion in a §2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.  A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be

_____

[10] We granted review to resolve the conflict over the interpretation of "properly filed" on April 17, 2000, only eight days after the Eleventh Circuit denied petitioner a COA and well within the 90-day period in which petitioner could have sought certiorari.  *Artuz* v. *Bennett,* 529 U. S. 1065.  Whether or not petitioner was aware that the issue was pending before us*,* see *post*, at 7, n. 7 (STEVENS, J., dissenting), it is indisputable that had he but filed a petition raising the statute-of-limitations argument he now advances, we would surely have granted him the reconsideration in light of *Artuz* that he later sought in his Rule 60(b) motion.  See, *e.g.*, *Brown* v. *Moore,* 532 U. S. 968 (2001) (granting a *pro se* petition for certiorari, vacating the Eleventh Circuit's judgment denying a COA, and remanding for reconsideration in light of *Artuz*).

ruled upon by the District Court without precertification by the Court of Appeals pursuant to §2244(b)(3). In this case, however, petitioner's Rule 60(b)(6) motion fails to set forth an "extraordinary circumstance" justifying relief. For that reason, we affirm the judgment of the Court of Appeals.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

_____

No. 04–6432

_____

## AURELIO O. GONZALEZ, PETITIONER *v.* JAMES V. CROSBY, JR., SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[June 23, 2005]

JUSTICE BREYER, concurring.

The majority explains that a proper Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Ante*, at 8. This is consistent with Judge Tjoflat's description of the standard in his opinion below, see 366 F. 3d 1253, 1297 (CA11 2004) (specially concurring in part and dissenting in part), and I agree with it. I fear that other language in the majority's opinion, especially its discussion of the significance of the word "claim," could be taken to imply a different standard, with which I would disagree. With that qualification, I join the majority's opinion.

# SUPREME COURT OF THE UNITED STATES

_____

No. 04–6432

_____

AURELIO O. GONZALEZ, PETITIONER *v.* JAMES V.
CROSBY, JR., SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

[June 23, 2005]

JUSTICE STEVENS, with whom JUSTICE SOUTER joins,
dissenting.

The most significant aspect of today's decision is the
Court's unanimous rejection of the view that all postjudg-
ment motions under Federal Rule of Civil Procedure 60(b)
except those alleging fraud under Rule 60(b)(3) should be
treated as second or successive habeas corpus petitions.
Not only do I agree with that holding, I believe that we
should have more promptly made clear that the Antiter-
rorism and Effective Death Penalty Act of 1996 (AEDPA)
and Rule 60(b) can coexist in harmony.     See *Ab-
dur'Rahman* v. *Bell*, 537 U. S. 88, 90 (2002) (STEVENS, J.,
dissenting from dismissal of certiorari as improvidently
granted).

As the Court recognizes, whether a Rule 60(b) motion
may proceed in the habeas context depends on the nature
of the relief the motion seeks.   See *ante*, at 8.[1]   Given the

_____

[1] Under the First Circuit's useful formulation, which was invoked by
Judge Tjoflat's dissenting opinion below, "[w]hen the motions' factual
predicate deals primarily with the constitutionality of the underlying
state conviction or sentence, then the motion should be treated as a
second or successive habeas petition.  This situation should be distin-
guished from one in which the motion's factual predicate deals primar-
ily with some irregularity or procedural defect in the procurement of

substance of petitioner's motion, I agree with the Court that this was a "true" Rule 60(b) motion and that the District Court and the Court of Appeals therefore erred in treating it as a successive habeas petition. And while I also agree with much of the Court's reasoning in Parts I and II of its opinion, I believe the Court goes too far in commenting on issues that are not directly before us and that have not been fully briefed. See, *e.g.*, *ante*, at 6–7 (discussing various court of appeals cases). My main disagreement, however, pertains to Part III of the Court's opinion.

The Court reaches beyond the question on which we granted certiorari (whether petitioner's Rule 60(b) motion should be treated as a successive habeas petition) and adjudicates the merits of that motion. In my judgment, however, "correct procedure requires that the merits of the Rule 60(b) motion be addressed in the first instance by the District Court." *Abdur'Rahman*, 537 U. S., at 97 (STEVENS, J., dissenting). A district court considering a Rule 60(b) motion will often take into account a variety of factors in addition to the specific ground given for reopening the judgment. These factors include the diligence of the movant, the probable merit of the movant's underlying claims, the opposing party's reliance interests in the finality of the judgment, and other equitable considerations. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2857 (2d ed. 1995 and Supp. 2004) see *ibid.* (noting that appellate courts will reverse a district court's decision only for an abuse of discretion); *Plaut* v. *Spendthrift Farm, Inc.*, 514 U. S. 211, 233–234 (1995) (Rule 60(b) "reflects and confirms the courts' own inherent

_____

the judgment denying relief. That is the classic function of a Rule 60(b) motion, and such a motion should be treated within the usual confines of Rule 60(b)." *Rodwell* v. *Pepe*, 324 F. 3d 66, 70 (2003) (citation omitted); see also 366 F. 3d 1253, 1297 (CA 11 2004) (Tjoflat, J., opinion concurring in part and dissenting in part).

and discretionary power, 'firmly established in English practice long before the foundation of our Republic,' to set aside a judgment whose enforcement would work inequity" (citation omitted)). In light of the equitable, often fact-intensive nature of the Rule 60(b) inquiry, it is inappropriate for an appellate court to undertake it in the first instance. This is especially so in this case, in which both the briefing and the record before us are insufficient with regard to the merits issue.

Orderly procedure aside, the Court's truncated analysis is unsatisfactory. At least in some circumstances, a supervening change in AEDPA procedural law can be the kind of "extraordinary circumstanc[e]," *Ackermann* v. *United States,* 340 U. S. 193, 199 (1950), that constitutes a "reason justifying relief from the operation of the judgment" within the meaning of Rule 60(b)(6). In this case, the District Court dismissed petitioner's habeas petition as time barred after concluding that his second motion for state postconviction relief did not toll AEDPA's statute of limitations. See 28 U. S. C. §2244(d). After that judgment became final, however, we decided *Artuz* v. *Bennett*, 531 U. S. 4 (2000), which made clear that the District Court's ruling on tolling was erroneous and that the habeas petition should therefore not have been dismissed.[2]

Unfortunately, the Court underestimates the significance of the fact that petitioner was effectively shut out of federal court—without any adjudication of the merits of his claims—because of a procedural ruling that was later shown to be flatly mistaken. As we have stressed, "[d]ismissal of a *first* federal habeas petition is a particularly serious matter, for that dismissal denies the peti-

_____

[2] Although the State contests this point in a footnote, see Brief for Respondent 40–41, n. 33, the Court rightly assumes that the District Court's decision was incorrect. See *ante*, at 11, and n. 8. If any doubt remains, it should be resolved by the District Court in the first instance.

tioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar* v. *Thomas*, 517 U. S. 314, 324 (1996); see also *Slack* v. *McDaniel*, 529 U. S. 473, 483 (2000) ("The writ of habeas corpus plays a vital role in protecting constitutional rights"). When a habeas petition has been dismissed on a clearly defective procedural ground, the State can hardly claim a legitimate interest in the finality of that judgment. Indeed, the State has experienced a windfall, while the state prisoner has been deprived—contrary to congressional intent—of his valuable right to one full round of federal habeas review.

While this type of supervening change in procedural law may not alone warrant the reopening of a habeas judgment, there may be special factors that allow a prisoner to satisfy the high standard of Rule 60(b)(6). For instance, when a prisoner has shown reasonable diligence in seeking relief based on a change in procedural law, and when that prisoner can show that there is probable merit to his underlying claims, it would be well in keeping with a district court's discretion under Rule 60(b)(6) for that court to reopen the habeas judgment and give the prisoner the one fair shot at habeas review that Congress intended that he have. After all, we have consistently recognized that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Liljeberg* v. *Health Services Acquisition Corp.*, 486 U. S. 847, 864 (1988) (quoting *Klapprott* v. *United States*, 335 U. S. 601, 614–615 (1949)). Here, petitioner, who is serving a 99-year term in Florida prison, filed his Rule 60(b) motion approximately eight months after this Court's decision in *Artuz.* A district court could reasonably conclude that this period reveals no lack of diligence on the part of an incarcerated

*pro se* litigant.[3]  And while we have received scant briefing on the probable merit of his petition,  his allegation—that his guilty plea was not knowing and voluntary because it was based on grossly inaccurate advice about the actual time he would serve in prison—at least states a colorable claim of a constitutional violation.  See *Finch* v. *Vaughn*, 67 F. 3d 909 (CA11 1995); see also *Mabry* v. *Johnson*, 467 U. S. 504 (1984).[4]

The Court relies on petitioner's supposed lack of diligence in pursuing review of the District Court's initial statute-of-limitations ruling.   See *ante*, at 12.   In fact, petitioner did appeal the District Court's ruling, which the Court of Appeals correctly interpreted as a request for a certificate of appealability (COA).[5]   As for petitioner's

---

[3] While Rule 60(b)(6) contains no specific time limitation on filing, it is worth noting that petitioner filed his motion within the strict 1-year limitation that applies to motions under Rules 60(b)(1)–(3).

[4] It is also worth noting that *Artuz* v. *Bennett,* 531 U. S. 4 (2000), was decided only seven months after petitioner's habeas judgment became final.  In cases where significant time has elapsed between a habeas judgment and the relevant change in procedural law, it would be within a district court's discretion to leave such a judgment in repose.

[5] See Fed. Rule App. Proc. 22(b)(2)  ("If no express request for a certificate is filed, the notice of [appeal shall be deemed to constitute] a request addressed to the judges of the court of appeals").  The procedural route that petitioner navigated was actually more complicated.  After the Magistrate Judge initially recommended dismissal of the petition as time barred, petitioner filed an objection that raised a Third Circuit case, *Lovasz* v. *Vaughn*, 134 F. 3d 146 (1998), which was among the circuit cases that was later endorsed by *Artuz*, 531 U. S., at 8.  The Magistrate's final report noted that the Eleventh Circuit had not addressed the relevant issue of tolling, and then proceeded to rely (oddly) on *Lovasz* to deny petitioner's claim.  In my view, the citation to *Lovasz* and the Magistrate's acknowledgment that there was no Eleventh Circuit precedent on point provided a reasonable basis for the granting of a COA.

In fact, on September 23, 1998, petitioner filed an application for a COA, and this application was granted by the District Court.  The Court of Appeals, however, dismissed petitioner's appeal on October 28,

failure to seek rehearing or certiorari, he alleged in his Rule 60(b) motion, App. 16, and again in his reply brief, that he filed a timely petition for rehearing on April 18, 2000, but that the clerk of the Court of Appeals returned the motion unfiled, "explaining, erroneously, that his appeal was dismissed and closed on October 28, 1999." Reply Brief for Petitioner 13 (emphasis deleted). According to petitioner, "[t]his official misinformation carried the weight of a court decision and was enough to convince a *pro se* litigant (and some lawyers) that the 90-day window for filing a certiorari petition expired, as well." *Ibid.* The State, however, represents that petitioner erroneously filed the petition for rehearing under the case number of an earlier, dismissed appeal. Brief for Respondent 4. I do not know how to resolve these allegations, but this only highlights the propriety of a remand. Even on the State's version of events, petitioner's attempt at filing for rehearing is proof of diligence on his part.

Putting these allegations aside, the Court's reasoning is too parsimonious. While petitioner could have shown even greater diligence by seeking rehearing for a second time and then filing for certiorari, we have never held *pro se* prisoners to the standards of counseled litigants. See, *e.g.*, *Haines* v. *Kerner*, 404 U. S. 519 (1972) (per curiam). Indeed, petitioner's situation contrasts dramatically with that of the movant in the case the Court relies on, *Ackermann* v. *United States*, 340 U. S. 193 (1950). See *ante*, at 13. In upholding the denial of Rule 60(b)(6) relief in *Ackermann*, the Court put great emphasis on the fact that

————————

1999, and remanded the COA for a determination of which specific issues merited permission to appeal. On remand, petitioner filed a new application for a COA, but this time the District Court denied the request. Petitioner then filed a timely appeal, and the District Court granted his motion to proceed *in forma pauperis* on appeal. The Court of Appeals then declined to issue a COA and dismissed the appeal on April 6, 2000.

the movant had the benefit of paid counsel and that, for much of the relevant period, he was not detained, but rather enjoyed "freedom of movement and action," 340 U. S., at 201.[6]  In any event, I believe that our rules governing prisoner litigation should favor a policy of repose rather than a policy that encourages multiple filings with a low probability of success.[7]

Accordingly, I agree with the Court's conclusion that petitioner filed a "true" Rule 60(b) motion.  I respectfully dissent, however, because of the Court's decision to rule on the merits of the motion in the first instance.

--------

[6] *Ackermann* is further distinguishable in that it did not involve the sort of plain error of law that has been identified in this case.  But even if *Ackermann* were not distinguishable, I would find the views expressed by Justices Black, Frankfurter, and Douglas in dissent, see 340 U. S. at 202 (opinion of Black, J.), more persuasive than those expressed by Justice Minton.

[7] A petition for certiorari seeking review of a denial of a COA has an objectively low chance of being granted.  Such a decision is not thought to present a good vehicle for resolving legal issues, and error-correction is a disfavored basis for granting review, particularly in noncapital cases.  See generally this Court's Rule 10.  As for the fact that this Court granted certiorari in *Artuz* eight days after the Eleventh Circuit denied petitioner a COA, it would be unrealistic to fault petitioner for failing to capitalize on this fortuity.  In my experience, even lower courts and counseled litigants are often not aware of our grants of certiorari on issues that may be relevant to their current business.  It would be particularly inappropriate to impose such a strict expectation on a *pro se* prisoner, particularly in the absence of any indication of when, given his circumstances in prison, he could have reasonably been expected to learn of our grant in *Artuz.*