PER CURIAM Opinion; Concurrence by Judge KOZINSKI.
OPINION
PER CURIAM:
Rowan Brooks, currently serving an indeterminate sentence of twenty-five years to life in a California state prison for first-degree murder,, .appeals from the denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b) following the district court’s dismissal of his habeas petition as untimely. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in.part, reverse in part, and remand. .
I
The district court did not abuse its discretion in holding that Brooks failed to demonstrate that he was entitled to Rule 60(b) relief under a theory of “actual innocence.” “[W]here an otherwise time-barred habeas petitioner demonstrates that" it is more likely than not that no reasonable juror would have found him *534 guilty beyond a reasonable doubt, ... his constitutional claims [may be] heard on the merits.” Lee v. Lampert, 653 F.3d 929, 937 (9th Cir.2011) (en banc) (citing Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).
Brooks has failed to cite any cases where actual innocence was held to constitute an “extraordinary circumstance” for Rule 60(b)(6) purposes. Assuming arguen-do that the “Schlup gateway” is available to support a Rule 60(b) motion, Brooks has fallen well short of raising “sufficient doubt about [his] guilt to undermine confidence in the result of the trial.” Schlup, 513 U.S. at 317, 115 S.Ct. 851.
Furthermore, the declarations Brooks seeks to offer as evidence of actual innocence were available when he filed his initial habeas petition. Such evidence was thus not “new” for purposes of Rule 60(b). See Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir.2004).
II
A
“[G]ross negligence by counsel amounting to ‘virtual abandonment’ can be an ‘extraordinary circumstance’ that justifies [relief under] Rule 60(b)(6).” Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir.2012) (alteration omitted) (quoting Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1169-71 (9th Cir.2002)). In such circumstances, “a petitioner may be excused from the consequences of his attorney’s conduct where that conduct effectively severs the principal-agent relationship.” Foley v. Biter, 793 F.3d 998, 1002 (9th Cir.2015).
Here, the district court abused its discretion in finding that Brooks was not abandoned by his counsel, Gregory Mitts. The district court focused its inquiry on Mitts’s performance leading up to the ha-beas petition’s late filing and determined that because Mitts’s miscalculation of the filing deadline was “[s]imple attorney negligence,” Brooks was not entitled to equitable tolling. This was not the proper inquiry. The question with respect to Brooks’s Rule 60(b) motion is not whether Mitts abandoned Brooks for purposes of equitable tolling, an inquiry that would involve analyzing the entire course of Brooks’s federal habeas proceedings. Cf. Rudin v. Myles, 781 F.3d 1043, 1056-59 (9th Cir.2014) (evaluating the availability of equitable tolling for separate time periods in post-conviction proceedings); Luna v. Kernan, 784 F.3d 640, 650-51 (9th Cir.2015) (describing the “stop clock” approach). Instead, the proper inquiry is whether “extraordinary circúmstances prevented [Brooks] from taking timely action to prevent Or correct an erroneous judgment,” see Foley, 793 F.3d at 1002 (quoting Hamilton, 374 F.3d at 825)—the relevant judgment being the district court’s ultimate dismissal of the petition.
The . record demonstrates that Mitts was grossly negligent in his representation of Brooks at the time the district court ordered Brooks to show cause why his petition should not be dismissed as untimely. See Mackey, 682 F.3d at 1251. Mitts neither responded to the order, nor even notified his client that it had been issued, despite repeated inquiries from Brooks about the status of his petition. Having received no response to the order to show cause, the district court entered judgment dismissing the petition as untimely.[1] Mitts’s behavior was not mere *535 negligence, but rather virtual abandonment — “neglect so gross that it is inexcusable” and thus “vitiat[es] the agency relationship that underlies our general policy of attributing to the client the acts of his attorney.” Id. (alteration in original) (quoting Cmty. Dental Servs., 282 F.3d at 1168, 1171).
B
Even where a petitioner is abandoned by counsel, the petitioner must also show that he diligently pursued his rights before relief can be granted under Rule 60(b)(6). See Gonzalez v. Crosby, 545 U.S. 524, 537-38, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); Foley, 793 F.3d at 1004.
Here, the district court did not make findings with respect to whether Brooks was reasonably diligent. The State argues that Brooks is not entitled to relief under Rule 60(b)(6) because Brooks found out about the final order dismissing his habeas petition as untimely within three days of the entry of judgment, yet did not invoke available, remedies such as a Rule 59(e) motion or appeal.
Reasonable diligence “does not require an overzealous or extreme pursuit of any and every avenue of relief’; instead, it “requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances.” Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir.2011). On remand the district court must determine whether Brooks acted diligently in pursuing relief from the district court’s judgment dismissing his petition.
Ill
We grant Brooks’s motion to take judicial notice of state court trial documents but deny it with respect to letters received from counsel and drafts of letters sent to counsel.
AFFIRMED in part, REVERSED in part, and REMANDED.

. It was only through his wife that Brooks discovered that his petition had been untimely filed and ultimately dismissed. In response to Brooks’s subsequent chastisement of Mitts and demand that Mitts rectify the situation, Mitts incorrectly “explained that the statute of *535 limitations for filing the petition [was] jurisdictional and there was nothing that could be done to cure the late filing.”