NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH S. SYLVESTER; LISA ANN SYLVESTER, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> MERCHANTS CREDIT CORPORATION, DBA Merchants Credit Association, <br><br> Defendant-Appellant. | No.   21-35101 <br><br> D.C. No. 2:17-cv-00168-TSZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted August 30, 2021
Seattle, Washington

Before:  HAWKINS, McKEOWN, and GOULD, Circuit Judges.

This appeal arises from the district court's denial of Appellant Merchants

Credit Corporation's ("Merchants") motion for relief from judgment under Federal

Rule of Civil Procedure 60(b)(6).  Appellant contends that the district court abused

its discretion by denying Merchants' Rule 60(b)(6) motion because Merchants' prior

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

counsel was grossly negligent with his representation of Merchants during the pendency of the underlying lawsuit. Specifically, Merchants claims that its prior counsel's failure to oppose the Sylvesters' summary judgment motion constituted gross negligence, and the district court abused its discretion in denying the Rule 60 motion that would have relieved Merchants from the district court's grant of summary judgment for the Appellees. The district court did not abuse its discretion in denying Merchants' Rule 60(b)(6) motion. We affirm.

We review a district court's denial of a motion under Federal Rule of Civil Procedure 60(b)(6) for an abuse of discretion. *Casey v. Albertson's Inc*, 362 F.3d 1254, 1257 (9th Cir. 2004) ("Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion.") (CITING *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001); *see also Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730 (9th Cir. 1971) ("60(b) motions are addressed to the sound discretion of the district court." (internal citation omitted)). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Casey*, 362 F.3d at 1257 (citing *Bateman v. U.S.,* 231 F.3d 1220, 1223 (9th Cir. 2000)).

The district court did not abuse its discretion by denying Merchants' Rule 60(b)(6) motion because Merchants's prior counsel's actions did not constitute

2

extraordinary circumstances. Prior counsel did not deliberately mislead Merchants, nor did he deprive them of the opportunity to preserve their rights. *See Lal v. California*, 610 F.3d 518, 524–25 (9th Cir. 2010) (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002) (internal quotations omitted)). Merchants' contention that its prior counsel was "grossly negligent" because he did not oppose the Sylvesters' motion for summary judgment fails.

"An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6)." *Lal*, 610 F.3d at 524. An extraordinary circumstance includes an attorney's "gross negligence." *Id*. Under *Brooks v. Yates*, the proper inquiry with respect to a Rule 60(b) motion predicated on an attorney's alleged gross negligence is whether "extraordinary circumstances prevented [Merchants] from taking timely action to prevent or correct an erroneous judgment . . .." 818 F.3d 532 (9th Cir. 2016) (per curiam) (citing *Foley v. Biter*, 793 F. 3d 998, 1002 (9th Cir. 2015)).

Here, Merchants cannot point to actions that amount to "gross negligence" that prevented it from taking timely action to correct or prevent the district court's grant of summary judgment in the Sylvesters's favor. Merchants's prior counsel made several filings throughout the case both before and after the Sylvesters moved for summary judgment. Additionally, Merchants's prior counsel, in his response to a motion for attorney's fees after the grant of summary judgement, indicated that

3

Merchants' lack of an opposition to the Sylvesters's summary judgment motion was intentional. Finally, Merchants maintained an active role in the litigation at the district court. Merchants even mailed a check to the Sylvesters that was in satisfaction of the district court's judgement just three days after the judgement was rendered. These facts show that Merchants was an active participant in the litigation. We cannot conclude both that Merchants was aware of the judgment and sent a check in satisfaction but was also prevented from taking timely action to prevent or correct the entry of the judgement. *Lal*, 610 F.3d at 527. There is no showing that counsel's conduct was grossly negligent and given counsel's many pleadings and efforts for his client, there can be no serious claim of client abandonment. The district court did not abuse its discretion when it denied Appellant Merchants' Rule 60(b)(6) motion.

**AFFIRM.**