NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO PEREZ,

    Petitioner-Appellant,

v.

JEREMY BEAN, Warden,

    Respondent-Appellee.

No.    22-16640

D.C. No.
2:17-cv-01393-JCM-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 7, 2024
Las Vegas, Nevada

Before:  BEA, CHRISTEN, and BENNETT, Circuit Judges.

    Petitioner Ricardo Perez appeals the district court's order denying his

motion for relief from the judgment, which dismissed his petition for a writ of

habeas corpus, 28 U.S.C. § 2254.  Because the parties are familiar with the facts,

we do not recount them here.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review for abuse of discretion the district court's denial of a motion filed

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

pursuant to Fed. R. Civ. P. 60(b)(6). *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020). We affirm.

A Rule 60(b)(6) motion, including one premised on attorney abandonment, "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "[R]elief may only be granted where the petitioner has diligently pursued review of his claims." *Foley v. Biter*, 793 F.3d 998, 1004 (9th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005)). "Reasonable diligence 'does not require an overzealous or extreme pursuit of any and every avenue of relief'; instead, it 'requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances.'" *Brooks v. Yates*, 818 F.3d 532, 535 (9th Cir. 2016) (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011)).

Here, Perez filed his Rule 60(b)(6) motion on August 16, 2022, more than three years after the district court dismissed Perez's petition. The district court concluded that Perez should have been aware by February 2021 that his attorney, Derrick Penney, abandoned him. Although Perez contends that he did not learn of Penney's abandonment until November 2021, he provides no explanation for the delay in filing his motion. Accordingly, we conclude that the district court did not abuse its discretion by finding that Perez failed to exercise diligence.

**AFFIRMED.**

2