**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK D. FOLEY,<br>*Petitioner-Appellant*,<br><br>v.<br><br>MARTIN BITER, Warden,<br>*Respondent-Appellee*. | No. 12-17724<br><br>D.C. No.<br>2:01-cv-00714-MCE-JFM<br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted
June 8, 2015—San Francisco, California

Filed July 14, 2015

Before: Mary M. Schroeder, Dorothy W. Nelson,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Habeas Corpus

The panel reversed the district court's order denying Mark Foley's motion pursuant to Fed. R. Civ. P. 60(b) for relief from the 2004 denial of his habeas corpus petition in a case in which Foley's counsel never informed Foley that the court denied his petition and Foley only discovered that his petition was denied six years later when he sent a letter to the court inquiring about its status.

The panel held (1) that the district court erred by finding that Foley was not abandoned by his attorney, (2) that the abandonment directly prevented Foley from timely appealing the denial of his habeas petition, and (3) that the motion for relief was timely because once Foley learned his petition had been denied, he made reasonable efforts to determine whether relief was available and how to seek such relief. The panel remanded for further proceedings.

## COUNSEL

Heather Williams, Federal Defender, Carolyn M. Wiggin (argued), Assistant Federal Public Defender, Sacramento, California, for Petitioner-Appellant.

Kamala Harris, Attorney General, Michael Farrell, Senior Assistant Attorney General, Eric Christoffersen, Supervising

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Deputy Attorney General, Mark Johnson and Sally Espinoza (argued), Deputy Attorneys General, Office of the California Attorney General, Sacramento, California, for Respondent-Appellee.

## OPINION

CHRISTEN, Circuit Judge:

Mark Foley appeals the district court's order denying his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Foley, who was convicted of murder in California state court, properly filed a petition for habeas corpus in federal district court in 2001. The district court denied his petition in 2004. Foley's counsel, Mark Greenberg, forgot that he represented Foley and never informed Foley that the court denied his petition. Foley only discovered that his petition was denied six years later when he sent a letter to the court inquiring about its status. Because Greenberg's abandonment of Foley directly prevented Foley from timely appealing the district court's denial of his habeas petition, and because Foley made reasonable efforts to pursue his claims, we reverse the district court's order.

## BACKGROUND

For his involvement in a drug-related shooting death, a California jury found Mark Foley guilty of first degree murder, conspiracy to commit assault with a firearm, conspiracy to commit extortion, kidnapping for extortion, and kidnapping. The court sentenced Foley to life in prison without the possibility of parole with a four-year enhancement for use of a firearm, plus a consecutive,

determinative sentence of 20 years and eight months. The California Court of Appeal affirmed Foley's conviction, and the California Supreme Court summarily denied Foley's petition for review.

Foley filed a petition for a writ of habeas corpus in federal district court on April 12, 2001. On December 21, 2002, while the petition was pending, attorney Greenberg sent a letter to Foley stating: "I know it's been a long time. The federal courts are super slow. Nothing to do but wait. I hope you have a nice holiday under the circumstances." This was apparently the last communication from Greenberg to Foley. On July 1, 2004, a magistrate judge issued findings and a recommendation to deny Foley's petition. The district court adopted the magistrate's findings and recommendation in full and denied Foley's petition on August 18, 2004. Greenberg did not inform Foley that the court denied his petition, nor did he respond to Foley's subsequent letters.

On February 12, 2010, Foley wrote a letter to the district court inquiring about the status of his habeas petition. He stated: "It's been 9 years and I'm deeply concerned something's wrong. Will you 'please' [sic] let me know what's up." The clerk informed Foley that the district court denied his petition on August 18, 2004. Foley sent another letter to the court on March 4, 2010, inquiring why he was not notified that his petition was denied.

In response to Foley's March 4, 2010 letter, the district court ordered the clerk to send a copy of the letter to Greenberg and serve a copy of the order on Foley. Greenberg received the copy of Foley's letter sent by the court, but apparently did not communicate with Foley. On August 2, 2010, Foley again wrote to the court, explaining that

Greenberg still had not contacted him to either notify him of the denial or explain the failure to notify him. Foley requested that the court issue an order requiring Greenberg to (1) "show proof that he notified [Foley] of the denial in a timely manner"; (2) show "good cause as to why he never notified [Foley]"; and (3) send Foley copies of all filings involved in his case. On January 27, 2011, the district court ordered Greenberg to respond to Foley's August 2, 2010 letter within thirty days.

Greenberg filed a declaration on February 25, 2011. He averred that he did not inform Foley that the district court denied his petition, and speculated that this failure may have occurred because he was working on two capital cases that "distracted [him] from [his] usually heavy case load of appointed state court appeals" around the time the district court entered its order denying Foley's petition. Greenberg also averred that he had no memory of Foley's federal habeas action, and though he recalled continuing to receive letters from Foley, he ignored Foley's correspondence because he considered Foley to be a former client.

On the same day he filed his declaration, Greenberg sent the following letter to Foley:

> I am writing this letter in accord with the Court order of January 27, 2011 setting forth a response to your inquiries. I thought it best to do it in the form of a declaration. I am filing both the letter and the declaration with the Court. I hope this helps. However, do not expect the Court to act on its own without any further motion or request from you. If I can help further, let me know.

On July 10, 2011, Foley sent another letter to the court. The letter stated:

> First and foremost I would like to thank you for all your help in guiding me through this legal mess that I know nothing about. I've tried unsuccessfully to obtain counsel to help me take my case to get back into the courts, mostly due to lack of funds. . . .

> Based on the declaration submitted to the court by my lawyer of record, Mark D. Greenberg . . . [,] I would like to respectfully request that the court allow me back into the courts to continue my appeal (rights) process afforded to me under the United States Constitution, specifically the 14th Amendment. I'm not sure what all is needed so I've enclosed everything I have. . . .

The court issued an order on July 2, 2012, construing Foley's letter as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). On September 12, 2012, the magistrate judge issued findings and a recommendation that the district court deny Foley's motion. The magistrate judge concluded that Greenberg's failure to notify Foley of the denial of his habeas petition did not rise to the level of attorney abandonment required for relief from judgment under Rule 60(b)(6), and that Foley's inability to communicate with Greenberg after Foley learned that his petition was denied did not prevent him from seeking relief from judgment. The district court adopted the magistrate's findings and recommendation and denied Foley's motion for relief from judgment.

## STANDARD OF REVIEW

We review a district court's denial of a motion for relief from judgment pursuant to Rule 60(b) for abuse of discretion. *Pizzuto v. Ramirez*, 783 F.3d 1171, 1175 (9th Cir. 2015) (citing *Towery v. Ryan*, 673 F.3d 933, 940 (9th Cir. 2012)). We must affirm the district court's judgment "unless (1) we have 'a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors,' (2) the district court applied the wrong law, or (3) the district court rested its decision on clearly erroneous findings of fact." *Delay v. Gordon*, 475 F.3d 1039, 1043 (9th Cir. 2007) (quoting *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001)).

## DISCUSSION

## I. The district court erred by finding that Foley was not abandoned by his attorney.

Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949). We apply this provision sparingly: "[a] party is entitled to relief under Rule 60(b)(6) where 'extraordinary circumstances prevented him from taking timely action to prevent or correct an erroneous judgment.'" *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004) (alteration and citations omitted). Because a federal habeas petitioner has no Sixth Amendment right to an attorney and the attorney is the petitioner's agent, a habeas petitioner is "ordinarily bound by his attorney's negligence." *Towery*, 673 F.3d at 941. But the Supreme Court made clear in *Maples v. Thomas* that "when an attorney abandons his client

without notice," the attorney has "severed the principal-agent relationship [and] no longer acts, or fails to act, as the client's representative."  132 S. Ct. 912, 922–23 (2012).  Thus, a petitioner may be excused from the consequences of his attorney's conduct where that conduct effectively severs the principal-agent relationship.  *See id.* at 923 ("Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." (quoting *Holland v. Florida*, 560 U.S. 631, 659 (2010) (Alito, J., concurring))).

In *Mackey v. Hoffman*, a panel of our court relied on *Maples* to hold that attorney abandonment may constitute the extraordinary circumstances necessary to justify relief under Rule 60(b)(6) where a petitioner fails to timely appeal the district court's denial of a habeas petition.  682 F.3d 1247, 1252–53 (9th Cir. 2012).  In that case, a habeas petitioner's attorney sent him a letter informing him that his case was before the federal court and expected that a trial date would be set, but then failed to do anything further on the case and did not inform the petitioner when the district court denied the petition.  *Id.* at 1248–49.  The petitioner did not learn that his petition had been denied until after expiration of the time allowed to pursue an appeal.  *Id.* at 1249.  We concluded that the district court erred by failing to consider whether the petitioner was abandoned by his attorney, explaining that "when a federal habeas petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment in every meaningful sense that has jeopardized the petitioner's appellate rights, a district court

may grant relief pursuant to Rule 60(b)(6)."**[1]** *Id.* at 1253. (citing *Maples*, 132 S. Ct. at 924). Subsequently, in *Gibbs v. Legrand*, we held that "[f]ailure to inform a client that his case has been decided, particularly where that decision implicates the client's ability to bring further proceedings *and* the attorney has committed himself to informing his client of such a development, constitutes attorney abandonment." 767 F.3d 879, 886 (9th Cir. 2014) (emphasis in original).

In this case, the state argues that "[a]s a threshold matter, [Foley] fails to establish that counsel did in fact fail to notify him of the denial of his petition for writ of habeas corpus." We disagree. Greenberg forthrightly declared that "[t]hrough inadvertence and neglect, I failed to inform Mr. Foley of this

---

**[1]** On remand, the district court concluded that the attorney's conduct constituted abandonment:

> Mr. Grim did not keep petitioner apprised of the status of this case, and most importantly, he failed to inform petitioner that the petition had been denied and that judgment had been entered. Petitioner did not learn of the denial until the time for appeal had lapsed, and this abandonment by his counsel was an "extraordinary circumstance beyond his control." *Maples*, 132 S. Ct. at 924 (holding that an inmate's abandonment by his attorneys constituted an "extraordinary circumstance beyond his control" that justified lifting the state procedural bar to his federal petition). As in *Maples*, Mr. Grim failed to observe this Court's rule requiring him to seek permission to withdraw as attorney of record, *see* N.D. Cal. Civ. R. 11–5, thereby depriving petitioner of the opportunity to proceed *pro se* and to receive notifications from the Court.

*Mackey v. Hoffman*, No. C 07-4189 SI, 2012 WL 4753512 at *1 (N.D. Cal. Oct. 4, 2012).

result at any time, and I failed to take any measures to preserve his appellate rights and opportunities." There is no reasonable basis on which to question the truth of Greenberg's statement.

Foley argues that the district court's conclusion that he was not abandoned by Greenberg was an error of law. But abandonment is not a question of law. Determining whether a petitioner has been abandoned by counsel requires the district court to make a factual finding, *see Mackey*, 682 F.3d at 1254 (remanding with instructions for district court to consider whether to make an abandonment finding), which we review for clear error. *Adams v. United States*, 3 F.3d 1254, 1257 (9th Cir. 1993). Thus, whether the district court abused its discretion in this case turns on whether "the district court rested its decision on clearly erroneous findings of fact." *Delay*, 475 F.3d at 1043.

The district court clearly erred by finding that Foley was not abandoned by counsel. Greenberg failed to notify Foley that his petition had been denied, and he did not move to withdraw as counsel so that Foley could be served directly. Foley apparently believed Greenberg was representing him and, based on Greenberg's advice, expected a long delay before receiving a decision from the district court. Under these circumstances, Foley was effectively deprived of the opportunity to appeal the district court's denial of his habeas petition. We conclude that Greenberg's failure to communicate with Foley, which included discarding Foley's unanswered letters under the mistaken impression that Foley was no longer his client, severed the principal-agent relationship between Foley and Greenberg. This failure to communicate, to preserve Foley's ability to appeal, and to withdraw from the case clearly constituted abandonment. *See*

*Maples*, 132 S. Ct. at 924–26 (holding that attorneys who left their law firm without notifying the petitioner they could not continue to represent him, withdrawing, or making arrangements for his continued representation abandoned the petitioner); *Gibbs*, 767 F.3d at 886 (holding that counsel's failure to notify petitioner of state supreme court's denial of his claim for post-conviction relief "constituted abandonment, and thereby created extraordinary circumstances sufficient to justify equitable tolling" of the federal habeas filing deadline).

## II. Foley's motion for relief was timely.

The state argues that Foley's motion for relief was itself untimely. A motion for relief under Rule 60(b)(6) must be made within a reasonable time, Fed. R. Civ. P. 60(c)(1), and relief may only be granted where the petitioner has diligently pursued review of his claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005); *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) ("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."). "What constitutes a reasonable time depends on the facts of each case." *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (internal quotation marks omitted).

The district court concluded that even if Greenberg failed to notify Foley of the entry of judgment, Foley's motion for relief should be denied because 14 months passed after he learned his petition was denied and before he filed his motion for relief. The court reasoned that Foley's "unsuccessful efforts to communicate with Attorney Greenberg did not render petitioner unable to seek relief from the judgment he knew had been entered."

But it is apparent from the record that once Foley learned his petition had been denied, he made reasonable efforts to determine whether relief was available and how to seek such relief. On March 4, 2010, shortly after learning that the district court had denied his petition, Foley sent a letter to the court, inquiring why he was not notified that the district court denied his petition. In response, the district court ordered the clerk to send a copy of the letter to Greenberg and serve a copy of the order on Foley. On August 2, 2010, Foley again wrote to the court, explaining that Greenberg still had not been in contact with him, and asked the court to order Greenberg to show that he notified Foley of the denial or explain why he did not, and to send Foley copies of all of the documents associated with his case.[2] The district court entered an order on January 28, 2011, directing Greenberg to respond to Foley's letter within thirty days. Greenberg then filed his declaration on February 25, 2011. Foley wrote to the court again on July 10, 2011, stating that he had been unable to find new counsel to assist him and asking the court to "allow [him] back into the courts to continue [his] appeal." The court construed this as a Rule 60(b)(6) motion for relief from judgment.

It was not until the last four months before he filed his motion for relief that Foley was on notice that Greenberg had been mistakenly ignoring his communications and that Greenberg would acknowledge that he never notified Foley

---

[2] Greenberg explained that the only documents in his file were "the original petition, an extension request to file the traverse, and the traverse." It is not clear from the record whether Foley ever received these documents, but even if Greenberg ultimately forwarded them to Foley, it appears this is the sum total of the "file" Foley would have had to work with, to prepare an appeal concerning events that transpired more than a decade earlier.

that the district court denied his petition. The delay between Greenberg's declaration and Foley's motion for relief is reasonable given Foley's lack of resources and legal training, and his attempt to find new counsel during that time. To the extent the district court relied on lack of diligence or failure to file within a reasonable time to deny Foley's motion for relief, this was an abuse of discretion.

## CONCLUSION

For the reasons discussed, we **REVERSE** the district court's order denying Foley's motion for relief from judgment and **REMAND** for further proceedings consistent with this opinion.