**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TENACE DEMOND KNIGHT, | No. 11-17350 |
| Petitioner - Appellant, | |
| v. | D.C. No. 4:10-cv-00276-SBA |
| CALIFORNIA DEPARTMENT OF CORRECTIONS and ROBERT H. TRIMBLE, Warden, | MEMORANDUM* |
| Respondents - Appellees. | |

| | |
|---|---|
| TENACE DEMOND KNIGHT, | No. 14-16262 |
| Petitioner - Appellant, | |
| v. | D.C. No. 4:10-cv-00276-SBA |
| CALIFORNIA DEPARTMENT OF CORRECTIONS and TIM V. VIRGA, Warden, | |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 19, 2015[]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit Judges.

Tenace Knight, a California State prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely and the denial of his Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment. Because the parties are familiar with the facts and procedural history, we will not recount it here.

We have jurisdiction over this consolidated appeal pursuant to 28 U.S.C. §§ 1291 and 2254. We review the district court's dismissal of a habeas petition de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999), and denial of a Rule 60(b) motion for abuse of discretion, *Foley v. Biter*, 793 F.3d 998, 1001–02 (9th Cir. 2015).

Equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year statute of limitations is appropriate if (1) extraordinary circumstances beyond a petitioner's control prevent timely filing and (2) the petitioner pursues their rights with reasonable diligence. *Luna v. Kernan*, 784 F.3d

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

640, 646 (9th Cir. 2015). The extraordinary circumstance need only proximately cause the untimely filing. *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). Because the Ninth Circuit has adopted the stop-clock approach to calculating equitable tolling, the diligence inquiry turns on whether the petitioner was diligent *during* the extraordinary circumstance. *Gibbs v. LeGrand*, 767 F.3d 879, 892 (9th Cir. 2014). "Diligence *after* an extraordinary circumstance is lifted may be illuminating as to overall diligence, but is not alone determinative." *Id.*

An extraordinary circumstance may exist if a petitioner mistakenly files their petition in the wrong forum within the limitations period. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 434 (1965); *Oltman v. Holland Am. Line, Inc.*, 538 F.3d 1271, 1280 (9th Cir. 2008). Such an extraordinary circumstance existed in this case. Knight was instructed by prison officials to send his federal habeas petition to the state court in which he was convicted. He was told that the state court would forward the petition to the proper forum. He did as instructed, operating under the mistaken belief that the state court was the proper place to file the petition. It was not until 44 days later, when Knight received the petition back from the state court, that Knight realized the error.

Knight was also reasonably diligent throughout the limitations period. Because Knight thought he had properly filed his petition, it was reasonable to stop

pursuing further remedies. Knight was thus diligent during the extraordinary circumstance. Furthermore, Knight was diligent throughout the time of properly filing the petition. As a prisoner in Administrative Segregation working full time, it was nearly impossible for Knight to access the prison law library. Despite these limitations, Knight attempted to access the law library and obtain the proper court address on multiple occasions.

Given Knight's diligence through the time of filing, the extraordinary circumstance proximately caused the late filing. Because the statute of limitations clock stopped for the 44 days Knight's petition was with the state court, the petition—which would otherwise have been untimely by 28 days—was filed 16 days before the statute of limitations expired.

**REVERSED.**

*Knight v. CDC*, Nos. 11-17350, 14-16262

MCKEOWN, J., dissenting:

I respectfully dissent.  The crux of Knight's complaint is that he inadvertently sent his 28 U.S.C. § 2254 habeas petition to state court, not federal court, and consequently is entitled to equitable tolling.  He admits that "the original instructions that came with the petition forms had the federal court address on them," but states that "unfortunately, I overlooked that when I sent my petition." What occurred here cannot satisfy the requirement of "extraordinary circumstances *beyond a prisoner's control* [that] make it *impossible* to file a petition on time." *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) (citation omitted) (first emphasis added).  His oversight, while unfortunate, is not an extraordinary circumstance but simply amounts to garden-variety negligence.  *See Holland v. Florida*, 560 U.S. 631, 651-52 (2010) ("[A] garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (citations omitted); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (noting that mere "oversight, miscalculation or negligence on [the petitioner's] part . . . preclude[s] the application of equitable tolling" (citation omitted)).

Knight's admission that the correct address was on the forms also undermines his excuse that a prison employee told him to mail his petition to state

court.  Not only did Knight not know who allegedly told him the wrong address, his declaration twice referred to the claimed deputy as a male.  He said it might have been Deputy Munoz, but Rebecca Munoz is a female floor officer.  There is no admissible evidence to support Knight's claim that he received erroneous advice from a prison official.  Taken together, the allegations and evidence do not establish extraordinary circumstances.  I would affirm the district court and deny Knight's request for equitable tolling.