MEMORANDUM **
Tenace Knight, a California State prisoner, appeals the district court’s dismissal of his 28 U.S.C. § 2254 petition as untimely and the denial of his Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment. Because the parties are familiar with the facts and procedural history, we will not recount it here.
We have jurisdiction over this consolidated appeal pursuant to 28 U.S.C. §§ 1291 and 2254. We review the district court’s dismissal of a habeas petition de novo, Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir.1999), and denial of a Rule 60(b) motion for abuse of discretion, Foley v. Biter, 793 F.3d 998, 1001-02 (9th Cir.2015).
Equitable tolling of the Antiterrorism and Effective Death Penalty Act’s (AED-PA’s) one-year statute of limitations is appropriate if (1) extraordinary circumstances beyond a petitioner’s control prevent timely filing and (2) the petitioner pursues their rights with reasonable diligence. Luna v. Kernan, 784 F.3d 640, 646 (9th Cir.2015). The extraordinary circumstance need only proximately cause the untimely filing. Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.2003). Because the Ninth Circuit has .adopted the stop-clock approach to calculating equitable tolling, the diligence inquiry turns on whether the petitioner was diligent during the extraordinary circumstance. Gibbs v. Legrand, 767 F.3d 879, 892 (9th Cir.2014). “Diligence after an extraordinary circumstance is lifted may be illuminating as to overall diligence, but is not alone determinative.” Id.
An extraordinary circumstance may exist if a petitioner mistakenly files their petition in the wrong forum within the limitations period. See Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 434, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); Oltman v. Holland Am. Line, Inc., 538 F.3d 1271, 1280 (9th Cir.2008). Such an extraordinary circumstance existed in this case. Knight was instructed by prison officials to send his federal habeas petition to the state court in which he was convicted. He *819 was told that the state court would forward the petition to the proper forum. He did as instructed, operating under the mistaken belief that the state court was the proper place to file the petition. It was not until 44 days later, when Knight received the petition back from the state court, that Knight realized the error.
Knight was also reasonably diligent throughout the limitations period. Because Knight thought he had properly filed his petition, it was reasonable to stop pursuing further remedies. Knight was thus diligent during the extraordinary circumstance. Furthermore, Knight was diligent throughout the time of properly filing the petition. As a prisoner in Administrative Segregation working full time, it was nearly impossible for Knight to access the prison law library. Despite these limitations, Knight attempted to access the law library and obtain the proper court address on multiple occasions.
Given Knight’s diligence through the time of filing, the extraordinary circumstance proximately caused the late filing. Because the statute of limitations clock stopped for the 44 days Knight’s petition was with the state court, the petition— which would otherwise have been untimely by 28 days — was filed 16 days before the statute of limitations expired.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.