FILED

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEAN WOFFORD,

　　　　　　Plaintiff - Appellant,

　v.

CHRISTOPHER BRACKS, Peace Officer;
et al.,

　　　　　　Defendants - Appellees.

No. 16-56840

D.C. No. 2:15-cv-01052-GW-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 18, 2017[**]

Before:　　WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

　　Sean Wofford appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of his

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

detention and arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(c). *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). We affirm.

The district court properly dismissed Wofford's Fourth Amendment claims because Wofford failed to allege facts sufficient to show that defendants lacked reasonable suspicion for his detention or probable cause for his arrest. *See Arizona v. Gant*, 556 U.S. 332, 339 (2009) (a search of an arrestee's person is lawful incident to arrest); *Terry v. Ohio*, 392 U.S. 1, 21, 30-31 (1968) (an initial detention is reasonable when officers have reasonable suspicion that a person has committed a crime); *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) (probable cause requirement for a warrantless arrest); *see also United States v. Cook*, 808 F.3d 1195, 1200 (9th Cir. 2015) (holding that a search of a defendant's backpack was reasonable and valid incident to arrest); *United States v. Brooks*, 367 F.3d 1128, 1134 (9th Cir. 2004) ("We look at the total circumstances known to the officer to determine whether probable cause existed.").

The district court did not abuse its discretion by denying Wofford's motion for relief from judgment because Wofford failed to demonstrate any basis for relief from the judgment. *See Foley v. Biter*, 793 F.3d 998, 1001 (9th Cir. 2015) (standard of review).

We reject as unsupported by the record Wofford's contentions concerning bias of the district court.

Wofford's motion for judicial notice (Docket Entry No. 5) is denied.

**AFFIRMED.**